CENTRAL SURETY AND INSURANCE CORPORATION, A CORPORATION, PLAINTIFF-APPELLANT, v. WHITE BUS COMPANY, INCORPORATED, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Argued October 6, 1936—Decided November 18, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the plaintiff-appellant, *Reuben F. Goldstein.*

For the defendant-respondent, *Richard Spitz.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by the plaintiff below to recover the balance alleged to be due for premium under a policy of insurance. The defendant filed a counter-claim averring an over-payment thereof and demanding the amount of such over-payment.

The District Court judge, sitting without a jury, rendered judgment for the defendant and against the plaintiff, and the plaintiff appeals.

The only specifications of alleged errors filed by the appellant are these:

"1. The said court erred in rendering judgment in favor of the defendant-respondent on the plaintiff-appellant's case, and erred in rendering judgment in favor of the defendant-respondent against the plaintiff-appellant on the defendant-respondent's counter-claim.

"2. The said court erred in failing to enter judgment in favor of the plaintiff-appellant on the plaintiff-appellant's case, and further erred in failing to enter a judgment in favor of the . plaintiff-appellant upon the defendant-respondent's counter-claim."

Now the mere assertion (as here) that there was error in giving judgment to one party rather than to another, is insufficient as a specification of error, and will not justify a review of such judgment. *Casperl* v. *Empire Furniture Co.,* 114 *N. J. L.* 546; *Miller* v. *Newark Hardware Co.,* 112 *Id.* 300; *Golden Realty Co.* v. *Grant Building and Loan Association,* 109 *Id.* 129; *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *Id.* 449; *Eckert* v. *Nazzaro,* 109 *Id.* 136; *Greenblatt Coal Co.* v. *Jacobs,* 12 *N. J. Mis. R.* 175; *Casale* v. *Public Service Electric and Gas Co.,* 13 *Id.* 266; *Kosick* v. *Standard Properties,* 13 *Id.* 219. See, also, *Biczis* v. *Public Service Co-ordinated Transport,* 115 *N. J. L.* 408.

The appeal will be dismissed, with costs.